MONROE, Judge,
dissenting.
I believe there is substantial evidence to support a claim of incapacity. Therefore, I must respectfully dissent.
When determining whether one has testamentary capacity, the fact-finder must find that the testatrix has
“ ‘mind and memory sufficient to recall and remember the property she was about to bequeath, and the objects of her bounty, and the disposition which she wished to make — to know and understand the nature and consequences of the business to be performed, and to discern the simple and obvious relation of its elements to each other_’ [Citations omitted.] Simply stated, if the testator knows his estate and to whom he wishes to give his property and understands that he is executing a will, he has testamentary capacity.”
Smith v. Vice, 641 So.2d 785, 786 (Ala.1994).
The record shows that, when Mary Will Fincher executed her will in January 1982, she did not know who several of her family members were, even though those family members were frequent visitors. She said that only one of her grandsons, Buster, was married. She specifically said that the others were not married. However, by that time, her grandson John Baker, Jr., who is contesting the will, was married and had two children. The Baker family had visited with Fincher on several occasions and Fincher had visited the Bakers in Eufaula.
From this evidence, the jury could reasonably have found that Fincher was confused as to who her heirs were, i.e., who were the “objects of her bounty.” Therefore, the jury could have found that she lacked testamentary capacity when she executed the will now being contested. I believe the jury’s verdict *7 is supported by sufficient evidence, and I would affirm the judgment of the trial court.